**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wren Roberson Hinton, Appellant.

Appellate Case No. 2013-001140

Appeal From Greenville County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-482
Submitted October 1, 2014 – Filed December 23, 2014

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General Tracy A. Meyers, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Provet*, 391 S.C. 494, 507, 706 S.E.2d 513, 520 (Ct. App.

2011) ("Warrantless searches and seizures are reasonable within the meaning of the Fourth Amendment when conducted under the authority of voluntary consent."), *aff'd*, 405 S.C. 101, 747 S.E.2d 453 (2013); *id.* (holding the voluntariness of consent is a question of fact to be determined from the totality of the circumstances and an appellate court will not disturb the trial court's finding of consent unless it was so manifestly erroneous as to be an abuse of discretion); *State v. Banda*, 371 S.C. 245, 251, 639 S.E.2d 36, 39 (2006) (holding that in a criminal case, this court will not reverse a trial court's factual finding unless it is clearly erroneous and the same standard of review applies to the admission of evidence); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) (holding in a Fourth Amendment search and seizure case, this court must affirm if the record contains any evidence supporting the trial court's finding); *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) ("If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons . . . .").

**AFFIRMED.**[1]

**HUFF, SHORT, AND KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.